**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4920

KURT SHAWN HANEIPH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-96-227)

Submitted: October 7, 1997

Decided: November 18, 1997

Before HALL and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Noah Lipman, LAW OFFICES OF NOAH LIPMAN, New York,
New York, for Appellant. Helen F. Fahey, United States Attorney, W.
Neil Hammerstrom, Jr., Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kurt Shawn Haneiph appeals from his jury convictions and result-
ing 360 month sentence for drug trafficking offenses. He asserts that
the district court erred in denying his motion to suppress incriminat-
ing statements he made to police officers during a custodial interroga-
tion. He alleges that the statements were involuntary and obtained in
violation of Miranda v. Arizona, 384 U.S. 436 (1966). We affirm.

We review pure questions of law de novo and pure questions of
fact for clear error. See United States v. Han , 74 F.3d 537, 540 (4th
Cir.), cert. denied, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3807 (U.S. June 3,
1996) (No. 95-8891). We consider testimony from both the suppres-
sion hearing and trial in the light most favorable to the Government.
Id. at 539-40. When the district court denies a motion to suppress
without making or being requested to make findings of fact, we will
uphold the result on appeal if any reasonable view of the evidence
when construed in the light most favorable to the Government would
sustain denial. See United States v. Evans, 917 F.2d 800, 805 (4th Cir.
1990), overruled on other grounds by United States v. Lancaster, 96
F.3d 734 (4th Cir. 1996).

It is undisputed that police officers advised Appellant of his
Miranda rights prior to each of the two interviews that occurred and
that Appellant acknowledged he understood those rights. In addition,
Appellant signed a waiver form both times. Since only the second
interview yielded incriminating statements, we are chiefly concerned
with the circumstances surrounding it. That interview was conducted
ten days after the first by different officers in a different location.
Since Appellant again acknowledged that he understood his Miranda
rights and waived them, admission of the incriminating statements he
made did not run afoul of Miranda. See Michigan v. Mosley, 423 U.S.
96, 104-07 (1975).

2

We also conclude that the officers' advising him of the evidence against him and the possible sentence he faced under the Sentencing Guidelines was not coercive, see United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir. 1987), and that the break in time during the second interview did not render the statements inadmissible. See United States v. Gordon, 895 F.2d 932, 938 (4th Cir. 1990). In addition, we note that even if denial of the suppression motion were error, it was harmless in light of the other evidence presented at trial (which included testimony from an undercover ATF agent and co-conspirators). See Arizona v. Fulminante, 499 U.S. 279, 310 (1991).

For these reasons, we affirm Appellant's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3